IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLORADO

Civil Case No. 1:20-cv-00541-REB-KLM
Alayna Ordonez, Evan Ordonez and Elijah Ordonez
    Plaintiffs,
v.
Marriott International and HIT SWN TRS, LLC
    Defendants.

---

Non-Party Crestline Hotels and Resorts LLC's Motion for Protective Order RE: Subpoena Duces Tecum No. 5 and F.R.C.P. 30 (b) (6) (# 106)

---

    This Motion for a Protective Order (#106) come before the Special Master pursuant to a referral from Magistrate Judge Kristen Mix. (#121).  The Special Master has reviewed: Non-Party Crestline Hotels & Resorts LLC's Motion for Protective Order (#106), Plaintiff's Response to Crestline Hotels (# 112), Defendant Hit Swn Trs, LLC Marriott Response (#113), and Non-Party Crestline Hotels & Resorts Reply in Support of the Motion for a Protective Order (#117),

## Background

    The motion arises out of the tragic facts shaping this case. Louis Ordonez died on Feb.15, 2018 when he was hit by a car and killed following an evening of celebrating and drinking in Denver. Ordonez and a friend, Baylee Ladner, had a late dinner at a restaurant near their hotels and then returned to Ladner's hotel, the Fairfield Inn and Suite.  As Ordonez was not registered at the Fairfield but rather the nearby Springhill Suite Hotel, Ordonez, while still intoxicated, left the Fairfield early in the morning of Feb. 15, 2018 and attempted to walk back to the Springhill Suite Hotel. He was struck by a car on Tower Road in Denver shortly thereafter.

    Crestline objects to the scope of the discovery request made by the Plaintiffs. Defendants Marriott International (Marriott) and HIT SWN TRS, LLC (HIT) support the motion. In short Crestline contends that the discovery inquiries in the Subpoena Duces Tecum, Para. 5, and the Rule 30(b) (6) topics for Crestline's deposition are overly broad and not proportional to the needs of the case.

Analysis

Crestline manages the Fairfield Inn Hotel, in which Defendant Marriott is the franchisor and Defendant HIT is the franchisee. Crestline manages multiple other hotels, however, some of which are franchised by Marriott, and some of which are licensed to serve alcohol. The subject Fairfield Inn Hotel is franchised by Marriott, but does not hold a liquor license nor sell alcohol. Plaintiffs' discovery requests seek information, documentation, and testimony pertaining to all of Crestline's managed hotels regardless of whether the hotels are Marriott-franchised hotels, and regardless of whether the hotels hold liquor licenses and sell and serve alcohol.

A.      Subpoena Duces Tecum No. 5

Plaintiffs served an SDT on Crestline requesting all rule, regulations, best practices, loss prevention guidelines, policies and or procedures regarding hotel employee recognition of and/or interaction with intoxicated individuals on hotel property regardless of authorship.

After a hearing on the objection to this SDT, Magistrate Judge Mix ordered Crestline to file a written, formal Response to the SDT. Crestline did file a response as ordered. See Crestline's Response to Plaintiffs' Subpoena Duces Tecum Paragraph 5 (#87). The Special Master has reviewed the response and it is consistent with Magistrate Judge Mix's Order. Crestline has affirmatively represented that it does not have documents responsive to Request No. 5 of the SDT as it relates to the subject Fairfield Inn. Crestline also does not have any documents responsive to Request No 5 of the SDT as it relates to Crestline-managed, Marriott-franchised hotels that do not have a liquor license and do not serve alcohol. Accordingly, Crestline's objections are appropriate. The Special Master recommends that the objections be sustained.

B.      30 (b) (6)

Crestline maintains that the entirety of the 30 (b) (6) deposition should be limited to the subject of the Fairfield Inn Hotel and that Plaintiffs should not be permitted to expand the deposition inquiry into Crestline-managed hotels that are not Marriott-franchised, are of a different brand, or different price-point, do not hold a liquor license or do not sell or serve alcohol. Crestline maintains that any standards, policies, or procedures applicable to hotels that hold a liquor license and sold or served alcoholic beverages to guests are completely irrelevant

since the Fairfield Inn in question here did not hold a liquor license and did not sell or serve alcohol to any guests, patrons or visitors.

Plaintiffs claim that the scope of a Rule 30 (b) (6) deposition is determined (and limited) only by relevance. They claim that the policies and procedures of all Crestline hotels are at issue as these policies and procedures go to the standard of care of all Defendants. "If there are different policies and procedures at different hotels, Defendants' expert can testify what standard of care should be at the subject Fairfield Inn and why that is appropriate." (#112 p. 16).

Plaintiffs, however, have not made any allegations against any other employees at any hotel other than those at the Fairfield Inn. Nor have they made any allegations about the policies or procedures at any hotel other than the Fairfield Inn. There is no evidence that the employees of the Fairfield work interchangeably with hotels also managed by Crestline, nor is there evidence that there are separate policies and procedures for each and every Crestline hotel. Rather, the only distinction Crestline is careful to draw is between hotels managed by Crestline that are licensed to serve alcohol and those that are not. The Fairfield Inn in question in this case was not licensed to serve alcohol, therefore the rules and regulations pertaining to Fairfield Inns that have such a license would not be relevant.

The Special Master recommends that discovery pursuant to Rule 30 (b) (6) be limited to the Fairfield Inn Hotel which is the subject of this lawsuit. The Special Master recommends that discovery seeking information related to hotels that are not Marriott-franchised, are of different brands, are of different price-points, do not hold liquor licenses and do not sell or serve alcohol be prohibited.

Dated this 1st day of November, 2021.

BY THE SPECIAL MASTER

*Nancy E. Rice*

Nancy E Rice