IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLORADO

Civil Case No. 1:20-cv-00541-REB-KLM
Alayna Ordonez, Evan Ordonez and Elijah Ordonez
    Plaintiffs,
v.
Marriott International and HIT SWN TRS, LLC
    Defendants.

---

Defendant Marriott International's Motion for Protective Order RE: F.R.C.P. 30(b)(6) Topics
(#122)

---

This Motion for a Protective Order (#122) comes before the Special Master pursuant to a referral from Magistrate Judge Kristen Mix. (#124). The Special Master has reviewed: Defendant Marriott International's Motion for Protective Order RE: F.R.C.P. 30(b) (6) Topics (#122) Plaintiffs' Response to Defendant Marriott International's Motion for Protective Order Re: F.R.C. 30(b)(6) topics (#125) Defendant Marriott International's Reply in Support of Motion for Protective Order (#126).

## Background

This motion arises out of the tragic facts shaping this case. Louis Ordonez died on Feb.15, 2018 when he was hit by a car and killed following an evening of celebrating and drinking in Denver. Ordonez and a friend, Baylee Ladner, had a late dinner at a restaurant near their hotels and then returned to Ladner's hotel, the Fairfield Inn and Suite. As Ordonez was not registered at the Fairfield but rather the nearby Springhill Suite Hotel, Ordonez, while still intoxicated, left the Fairfield early in the morning of Feb. 15, 2018 and attempted to walk back to the Springhill Suite Hotel. He was struck by a car on Tower Road in Denver shortly thereafter.

Plaintiffs seek information by way of a Rule 30(b)(6) deposition on numerous topics that include information about policies, procedures, and any information from "any Marriott employee" and from any "Marriott Hotel." Marriott objects to this request for discovery as being overboard and not proportional to the issues in the case and specifically objects to 12 discreet topics. This motion is similar to that raised in Nonparty Crestline's Motion for Protective Order (#106) which the Special Master has addressed in a separate order.

Analysis

F.R.C.P. 26(b)(1) defines the scope of discovery as any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Marriott has 30 different hotel brands and approximately 7,000 locations world-wide. Marriott has over 10,000 employees world-wide. Different hotel locations are owned and operated in different ways. Marriott has different sets of standards for each category of its hotel brands including whether the hotels are managed directly or indirectly as owned or franchised hotels. The Fairfield Inn at issue here is a "Classic Select" brand, and operates under the standards for that category of hotel. It is dissimilar to other Marriott brands such as the Ritz-Carlton (Classic Luxury), which operates under different standards. Some of the Marriott hotels, including Fairfield Inns, are licensed to serve alcohol but others are not. The Fairfield Inn in question here does not sell or offer alcohol on its premises.

In its Second Amended Complaint (# 67), Plaintiffs have made claims of Negligence and Wrongful Death against the Fairfield Inn, and specifically its employee Ms. Arienaga, for refusing to help or meaningfully assist the Decedent Mr. Ordonez to return to his hotel, the Springhill Suites.

The following specific topics are in dispute, and must be evaluated against this background.

Topic 1

Training and education provided to any Marriott employee, representative, agent relating to security, safe premises, and dealing with intoxicated registered guests, their visitors, and patrons.

The Special Master finds that this topic is overly broad, as it includes the entire population of Marriott by identifying "any Marriott employee, representative agent." The Plaintiffs may inquire about the training and education provided to Marriott employees of the subject Fairfield Inn.

Topics 3, 4, and 8

    Topic 3: What constitutes a "guest" of a Marriott Hotel.

    Topic 4: What constitutes a "patron" of a Marriott Hotel.

    Topic 8: What constitutes an "eviction" pursuant to Marriott Standards.

The Special Master finds that these topics are over broad with respect to the request about all Marriott Hotels. However, these questions would be admissible with respect to the subject Fairfield Inn as not overly broad or disproportionate. In addition with respect to Marriott's more specific objection about whether information pertaining to "what constitutes an eviction" is relevant, the Special Master would find this information relevant and not overly burdensome. However, the Special Master would limit this question to the subject Fairfield Inn.

Topics 6 and 7

    Topic 6: Marriott standards that apply to patrons who are visibly
    intoxicated at a Marriott Hotel.

    Topic 7: Marriott standards that apply to guests who are visibly intoxicated at a Marriott Hotel.

The Special Master finds that these topics are overly broad and burdensome, to the extent they seek information about all Marriott. However, these questions would be admissible with respect to the subject Fairfield Inn.

Topic 10

    Topic 10: Crestline's operation of the subject Fairfield Inn.

    a. Standards required of the hotel's operation;

    b. Marriott International's control over the subject Fairfield Inn

This topic is address to Non-Party Defendant Crestline and is the subject of its motion for protective order. (# 106).

Topic 11 and 12

> Topic 11: Similar incidents of intoxicated registered guests at the subject Fairfield Inn in the 5 years prior to Mr. Ordonez's death.
>
> Topic 12: Similar incidents of intoxicated individuals at the subject Fairfield Inn in the 5 years prior to Mr. Ordonez's death.

In light of the claims made in this case by Plaintiffs, the Special Master would allow discovery in this area pursuant to pursuant to F.R.C.P. 26(b)(1).

Topic 15

> Topic 15: Marriott International's shuttle transportation's policies and procedures.
>   a. Fairfield Inn's shuttle transportation's policies and procedures.

The Special Master finds that Fairfield Inn's shuttle transportation policies and procedures are discoverable under F.R.C.P. 26(b) (1). The Special Master recommends that these policies with respect to Marriott International are overly broad and burdensome.

Topics 16 and 17

> Topic 16: Duties hoteliers in Colorado owe guests.
> Topic 17: Duties hoteliers in Colorado owe to individuals on the hotel's property.

The Special Master recommends that the Protective Order be granted with respect to these topics. The area of inquiry asks for legal conclusions and/or theory, and are thus inappropriate.

Dated this 1st day of November, 2021.

BY THE SPECIAL MASTER

*Nancy E. Rice*

Nancy E Rice