IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLORADO

Civil Case No. 1:20-cv-00541-REB-KLM
Alayna Ordonez, Evan Ordonez and Elijah Ordonez
    Plaintiffs,
v.
Marriott International and HIT SWN TRS, LLC
    Defendants.

---

Plaintiffs' Motion to Compel (#108)

---

    This Motion. to Compel comes before the Special Master pursuant to a referral from Magistrate Judge Kristen Mix. (# 121)   The Special Master has reviewed the Motion to Compel (# 108), the Defendants' Response in Opposition to Motion to Compel (# 114), and the Plaintiffs' Reply to the Motion to Compel (#118).

    This motion arises out of the tragic facts shaping this case. Louis Ordonez died on Feb.15, 2018 when he was hit by a car and killed following an evening of celebrating and drinking in Denver. Ordonez and a friend, Baylee Ladner, had a late dinner at a restaurant near their hotels and then returned to Ladner's hotel, the Fairfield Inn and Suite.  As Ordonez was not registered at the Fairfield but rather the nearby Springhill Suite Hotel, Ordonez, while still intoxicated, left the Fairfield early in the morning of Feb. 15, 2018 and attempted to walk back to the Springhill Suite Hotel. He was struck by a car on Tower Road in Denver shortly thereafter.

    This motion centers around the Plaintiffs' attempts to receive answers in response to their various discovery requests seeking the policies and procedures pertaining to Marriott hotel staff's interaction with intoxicated individuals.  Marriott has stated in its responsive pleadings, and in a hearing before Magistrate Judge Mix, that no policies exist with respect to the subject Fairfield Inn as it does not serve or sell alcohol. Oddly, according to Defendants, Plaintiffs claim to have obtained these policies through alternate means.  According to Defendants, Plaintiffs stated in a letter to Defendants that "[s]everal members of Plaintiff's legal team and retained experts have seen these policies and procedures - literally held them in their own hands- and know that such policies and procedures not only exist, but fully support the allegations . . ." (#114 p.5). As a

result, Plaintiffs claim that the documents must exist and that Marriott be compelled to produce them.

      The Special Master recommends that the Mt. to Compel be denied. The Defendants have answered the discovery requests and made an affirmative statement to Magistrate Judge Mix as to their existence. Those answers are on the record. Should the answers or representations later prove to be incomplete or untrustworthy, the Defendants have a duty to amend and update their answers.

Dated this 1st day of November, 2021.

                                        BY THE SPECIAL MASTER

                                        */s/ Nancy E. Rice*

                                        Nancy E Rice